UNITED DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AMY PHILBRICK, LLC.          ) | |
|             Plaintiff,     ) | Civil Action No: 06-cv-256 |
| v.          ) | |
| S/V NIOBE, Official No. ME5800S, her engines, machinery, equipment, masts, etc., *in rem*; and   ) | |
| The Estate of Stephen Woods, State of New Hampshire, and Deborah Woods *in personam*,   ) | |
|             Defendants.     ) | |

<u>ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN</u>

Plaintiff, having moved to appoint LORDCO PIER ASSOCIATES as substitute custodian for S/V NIOBE, Official No. ME5800S, and this Court being convinced after a review of Plaintiff's motion and supporting documents that a substitute custodian is appropriate under the existing facts, it is hereby ordered that said Motion to Appoint Substitute Custodian is allowed this ___17th___ day of ___July_____, 2006 at Concord, New Hampshire.

THEREFORE, IT IS HEREBY:

ORDERED that the United States Marshal for the District of New Hampshire be, and he is hereby, authorized and directed upon his seizure of said defendant vessel, her engines, tackle, equipment, etc., and all other necessaries thereunto appertaining and belonging, pursuant to said Warrant for Arrest, to surrender the possession thereof to the substitute custodian named herein, and it is further

ORDERED that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all

claims arising whatsoever out of said substituted possession and safekeeping, and it is further

ORDERED that LORDCO PIER ASSOCIATES, be, and is hereby, appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping until further order of this Court, and it is further

ORDERED that all reasonable expenditures of the U. S. Marshal shall be administrative expenses in this action and a first charge on the vessels herein, to be paid to the U. S. Marshal prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessels while it is in custodia legis, including costs of maintaining adequate port risk insurance on the vessel shall be administrative expenses in this action and a first charge on the defendant vessels herein, to be paid prior to the release of the vessels or the distribution of proceeds of its sale, and it is further

ORDERED that during custodia legis the substitute custodian shall not permit repairs or changes to be made to the vessels, except for routine maintenance required for the vessels safekeeping, or in emergency situations, without an order of this Court.

ORDERED that plaintiff's attorney will serve a copy of this Order on the owner of defendant vessel

/s/ Joseph A. DiClerico, Jr.
_____
United States District Judge

RETURN

I HEREBY CERTIFY that in response to the within order Appointing Substitute Custodian, I surrendered the possession of the Defendant vessel, its engines, tackles Apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging to the within named substitute custodian _____- o'clock on _____, 2006.

 UNITED STATES MARSHAL

By:_____

RECEIPT

On behalf of LORDCO PIER ASSOCIATES, the substitute custodian named in the above Order, I hereby accept receipt in accordance with the terms of the said Order, of the Defendant Vessel, NIOBE, at Stratham, New Hampshire and at the hour of ____, on the _____day of_____ 2006.

I further understand that the vessel can ONLY BE RELEASED by the U. S. Marshal. Any person releasing said vessel other than the U. S. Marshal will be responsible for all costs and fees due to the U.S. Marshal.

Signed: _____